# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| CLAIRE MICHAELI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:16-cv-00085-SLC |
| | ) |
| COMMISSIONER OF SOCIAL | ) |
| SECURITY, *sued as Nancy A. Berryhill,* | ) |
| *Acting Commissioner of Social Security* | ) |
| *Administration*,[1] | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiff Claire Michaeli appeals to the district court from a final decision of the Commissioner of Social Security (the "Commissioner") denying her application under the Social Security Act (the "Act") for Disability Insurance Benefits ("DIB").[2]  For the following reasons, the Commissioner's decision will be AFFIRMED.

## I.  BACKGROUND

On January 17, 2013, Michaeli filed for DIB, alleging disability beginning on December 29, 2011.  (DE 10 Administrative Record ("AR") 22, 164-66).  Michaeli's claim was denied initially on February 25, 2013, and upon reconsideration on June 5, 2013.  (AR 92-103).  Michaeli filed a request for a hearing before an Administrative Law Judge.  (AR 104-05).  On August 5, 2014, Administrative Law Judge Maryann Bright (the "ALJ") held a hearing, at which Michaeli and Sharon Ringenberg, a vocational expert (the "VE"), testified.  (AR 36-73).

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security, *see Casey v. Berryhill*, 853 F.3d 322 (7th Cir. 2017), and thus, she is automatically substituted for Carolyn W. Colvin in this case, *see* Fed. R. Civ. P. 25(d).

[2] All parties have consented to the Magistrate Judge.  (DE 13); *see* 28 U.S.C. § 636(c).

Michaeli was represented by attorney Randal Forbes at the hearing before the ALJ. (AR 36).

On October 31, 2014, the ALJ issued an unfavorable decision, finding that Michaeli was not disabled because during the alleged period of disability she could perform a significant number of jobs in the national economy. (AR 19-31). Michaeli requested that the Appeals Council review the ALJ's decision (AR 14-16), and the Appeals Council denied her request, making the ALJ's decision the final, appealable decision of the Commissioner (AR 1-3).

On March 11, 2016, Michaeli filed a complaint with this Court seeking relief from the Commissioner's final decision. (DE 1). In her appeal, Michaeli alleges that the ALJ erred in assessing her credibility, resulting in a flawed residual functional capacity ("RFC") determination. In particular, Michaeli claims that the ALJ erred by: (1) overemphasizing her ability to perform daily activities; (2) improperly considering her inability to afford treatment; and (3) failing to favorably consider her good work history prior to her alleged onset date. (DE 18 at 7).

## II. THE ALJ's FINDINGS

Under the Act, a claimant is entitled to DIB if she establishes an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to . . . last for a continuous period of not less than 12 months." 42 U.S.C. §§ 416(i)(1), 423(d)(1)(A). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

In determining whether Michaeli is disabled as defined by the Act, the ALJ conducted the familiar five-step analytical process, which required her to consider the following issues in

sequence: (1) whether the claimant is currently unemployed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals one of the impairments listed by the Commissioner, *see* 20 C.F.R. § 404, Subpt. P, App'x 1; (4) whether the claimant is unable to perform her past work; and (5) whether the claimant is incapable of performing work in the national economy.[3] *See Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001); 20 C.F.R. § 404.1520. An affirmative answer leads either to the next step or, on steps three and five, to a finding that the claimant is disabled. *Zurawski v. Halter*, 245 F.3d 881, 886 (7th Cir. 2001). A negative answer at any point other than step three stops the inquiry and leads to a finding that the claimant is not disabled. *Id.* The burden of proof lies with the claimant at every step except the fifth, where it shifts to the Commissioner. *Id.* at 885-86.

At step one, the ALJ found that Michaeli had not engaged in substantial gainful activity since her alleged onset date of December 29, 2011. (AR 24). At step two, the ALJ found that Michaeli had the following severe impairments: prosthetic right eye, minor cataract in the left eye, mild degenerative disc disease, and hearing loss. (AR 24-26).

At step three, the ALJ concluded that Michaeli did not have an impairment or combination of impairments severe enough to meet or equal a listing. (AR 26-67). Before proceeding to step four, the ALJ determined that Michaeli's symptom testimony was "not entirely credible" and assigned her the following RFC:

> [T]he claimant has the [RFC] to perform light work . . . except that she is only occasionally able to climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. She is not able to climb ladders, ropes, or scaffolds at all. She can engage in tasks requiring only occasional peripheral acuity. She should avoid all exposure to

---

[3] Before performing steps four and five, the ALJ must determine the claimant's RFC, or what tasks the claimant can do despite her limitations. 20 C.F.R §§ 404.1520(e), 404.1545(a). The RFC is then used during steps four and five to help determine what, if any, employment the claimant is capable of. 20 C.F.R. §§ 404.1520(e), 404.1545(a)(5).

3

> excessive noise and hazards, such as slippery/uneven surfaces,
> unprotected heights, and dangerous/unguarded machinery.

(AR 27). Based on this RFC, the ALJ found at step four that Michaeli could not perform her past relevant work as a home health aide. (AR 29). The ALJ considered the testimony of the VE and other evidence in the record and determined at step five that Michaeli could perform other jobs in the national economy that exist in significant numbers, and therefore, her application for DIB was denied. (AR 30-31).

## III. STANDARD OF REVIEW

Section 405(g) of the Act grants this Court "the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The Court's task is limited to determining whether the ALJ's factual findings are supported by substantial evidence, which means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (citation omitted). The decision will be reversed only if it is not supported by substantial evidence or if the ALJ applied an erroneous legal standard. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000).

To determine if substantial evidence exists, the Court reviews the entire administrative record but does not re-weigh the evidence, resolve conflicts, decide questions of credibility, or substitute its judgment for the Commissioner's. *Id*. Rather, if the findings of the Commissioner are supported by substantial evidence, they are conclusive. *Id*. Nonetheless, "substantial evidence" review should not be a simple rubber-stamp of the Commissioner's decision. *Id*.

## IV. ANALYSIS

Michaeli makes three arguments on appeal, all of which relate to the ALJ's credibility determination. An ALJ's credibility determination is entitled to special deference because the ALJ is in the best position to evaluate the credibility of a witness. *See Powers v. Apfel*, 207 F.3d 431, 435 (7th Cir. 2000); *Nelson v. Apfel*, 131 F.3d 1228, 1237-38 (7th Cir. 1997). If an ALJ's determination is grounded in the record and she articulates her analysis of the evidence "at least at a minimum level," *Ray v. Bowen*, 843 F.2d 998, 1002 (7th Cir. 1988) (citation omitted), creating "an accurate and logical bridge between the evidence and the result," *Ribaudo v. Barnhart*, 458 F.3d 580, 584 (7th Cir. 2006) (citation omitted), her determination will be upheld unless it is "patently wrong," *Powers*, 207 F.3d at 435; *see Carradine v. Barnhart*, 360 F.3d 751, 754 (7th Cir. 2004) (remanding an ALJ's credibility determination because the ALJ's decision was based on "serious errors in reasoning rather than merely the demeanor of the witness"); *Herron v. Shalala*, 19 F.3d 329, 335 (7th Cir. 1995) ("[Because] the ALJ is in the best position to observe witnesses, [courts] usually do not upset credibility determinations on appeal so long as they find some support in the record and are not patently wrong." (citations omitted)). Additionally, "an ALJ's evaluation of a[n] applicant's credibility must be specific enough to make clear to [the court] how much weight the ALJ gave to the applicant's testimony and the reasons for that decision." *Daniels v. Colvin*, No. 12 C 9317, 2014 WL 2158999, at *13 (N.D. Ill. May 23, 2014) (alterations in original) (citation and internal quotation marks omitted); *see Hill v. Astrue*, 295 F. App'x 77, 81 (7th Cir. 2008).

As a threshold matter, the Court notes that Michaeli's arguments are all extremely cursory. *See generally Rice v. Astrue*, No. 1:08-CV-00137, 2009 WL 1605289, at *5 (N.D. Ind. June 4, 2009) ("Because she has not developed any arguments with specificity concerning the

5

basis for the ALJ's decision, Rice has waived all challenges to the ALJ's opinion." (citations omitted)). In Michaeli's opening brief, each of her three arguments is approximately one page in length, and none identify with any specificity evidence of record that the ALJ failed to consider in assessing her credibility. In her reply brief, Michaeli merely states: "Plaintiff by counsel stands by the arguments in her Opening Brief and maintains that they also constitute sufficient reply." (DE 24 at 2).

To the extent that Michaeli is simply requesting that the Court reweigh evidence in the hope that it will come out in her favor this time, her plea is unavailing as the Court may not "reweigh evidence, resolve conflicts in the record, decide questions of credibility, or, in general, substitute [its] own judgment for that of the Commissioner." *Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004). Nevertheless, the Court will examine Michaeli's arguments to determine whether the ALJ's credibility assessment is supported by the record. *See id.* ("[The Court's] task is limited to determining whether the ALJ's factual findings are supported by substantial evidence." (citations omitted)).

## A. Daily Activities

First, Michaeli asserts that the ALJ erred by finding that evidence of her ability to perform daily activities undermined her credibility. The ALJ may consider the "consistency of the individual's statements with other information in the case record, including reports and observations by other persons concerning the individual's daily activities, behavior, and efforts to work." SSR96-7p, 1996 WL 374186, at *6 (July 2, 1996).[4] However, the Seventh Circuit Court of Appeals has "cautioned the Social Security Administration against placing undue

---

[4] Social Security Ruling 96-7p, was superseded by Social Security Ruling 16-3p, 2016 WL 1119029 (Mar. 16, 2016), in March 2016, but Social Security Ruling 96-7p governed at the time the ALJ issued his decision. Accordingly, SSR 96-7p applies to this case.

weight on a claimant's household activities in assessing the claimant's ability to hold a job outside the home." *Mendez v. Barnhart*, 439 F.3d 360, 362 (7th Cir. 2006) (collecting cases).

Michaeli cites *Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012), where the Seventh Circuit stated:

> The critical differences between activities of daily living and activities in a full-time job are that a person has more flexibility in scheduling the former than the latter, can get help from other persons (in this case, Bjornson's husband and other family members), and is not held to a minimum standard of performance, as she would be by an employer.

The problem in *Bjornson* was that the ALJ assigned a specific limitation to the claimant based on her daily activities. *Id*. ("The administrative law judge expressed doubt about Bjornson's credibility on the further ground of her 'activities of daily living,' notably that she can walk up to one block, sit or stand for up to 15 minutes, lift 10 pounds, bathe and dress normally, and even drive and shop."). In stark contrast, the ALJ in this case did not support any specific limitation based on Michaeli's ability to carry out daily activities. Neither did the ALJ improperly equate her ability to perform daily activities to an ability to work full time. *Gentle v. Barnhart*, 430 F.3d 865, 867 (7th Cir. 2005) ("The administrative law judge's casual equating of household work to work in the labor market cannot stand."). Rather, the ALJ reasonably found that Michaeli's ability to "engage in a somewhat full range of activities" suggested that she "is not as limited as she alleged." (AR 28).

Moreover, the ALJ developed a record of Michaeli's ability to carry out daily activities by exploring the issue at the hearing and in her opinion. (*See* AR 28, 49-50, 54-59); *see, e.g.*, *Punzio v. Astrue*, 630 F.3d 704, 712 (7th Cir. 2011) ("Rather than addressing Punzio's comprehension skills directly, the ALJ instead surmised that her condition has improved over the

7

years, that she no longer is suicidal, that her symptoms typically persist for only a few hours, and that she is 'managing activities of daily living without significant difficulty.'"). The ALJ considered the degree to which Michaeli struggles to drive (*see* AR 28 (noting that Michaeli drives only "short distances on non-busy roads")), struggles to wash dishes (*see* AR 28 (noting that Michaeli needs to lean on the counter to support herself)), has difficulty getting comfortable (*see* AR 28 (noting that Michaeli lies down and rests but has difficulty sleeping)), and has limited vision (*see* AR 28 ("[S]he cannot see peripherally on the right and has limited peripheral vision on the left.")). In short, this is not a case where the ALJ neglected to develop or consider evidence favorable to a finding of disabled in examining the claimant's ability to perform daily activities. *See, e.g.*, *Spiva v. Astrue*, 628 F.3d 346, 352 (7th Cir. 2010) ("She didn't mention the evidence that Spiva's performance of household chores was incompetent; as the aunt with whom he had lived for a time stated, he needed help with everything because 'his mind runs a lot.'"); *Vandergraff v. Berryhill*, No. 4:17-CV-06-JEM, 2018 WL 1282293, at *3 (N.D. Ind. Mar. 13, 2018) ("Rather than considering Plaintiff's failed attempts to work more hours as indicative of her veracity, he disregarded or gave little weight to all of the copious evidence in the record of the limitations in Plaintiff's ability to work more than a few hours per day multiple days in a row.").

Therefore, the ALJ's conclusion that Michaeli's ability to perform daily activities undermined her credibility was based on substantial evidence and will not be disturbed.

### B. Lack of Treatment

Second, Michaeli challenges the ALJ's adverse credibility finding based on her lack of treatment. "Many circuits have upheld the inability to afford medications or regular doctor visits as a valid excuse for failing to follow a prescribed course of treatment." *Roper v. Astrue*, No.

2:07-CV-247-PRC, 2008 WL 1925073, at *9 (N.D. Ind. May 1, 2008). SSR 96-7p provides that "the adjudicator must not draw inferences about an individual's symptoms and their functional effects from a failure to seek treatment without first considering any explanation that the individual may provide." 1996 WL 374186, at *7; *see Thomas v. Colvin*, 826 F.3d 953, 960 (7th Cir. 2016) ("The ALJ also noted Thomas's gap in treatment between August 2011 and September 2012, but the relevance of this detail to Dr. Rashid's opinion is unclear, and, in any case, the ALJ did not explore the reasons for this gap." (citations omitted)); *Beardsley v. Colvin*, 758 F.3d 834, 840 (7th Cir. 2014) ("But the ALJ may not draw any inferences about a claimant's condition from this failure unless the ALJ has explored the claimant's explanations as to the lack of medical care." (citations and internal quotation marks omitted)); *Hoffman v. Astrue*, No. 10-C-1152, 2011 WL 3236176, at *10 (E.D. Wis. July 27, 2011).

In this case, the record is devoid of almost any evidence of treatment from December 2011 to May 2014. Michaeli neglected to seek treatment for any condition after December 28, 2011, until she was examined by David Ringel, D.O., on February 23, 2013. (AR 223-27). Michaeli did not seek treatment again until May 22, 2014. (AR 265). At the administrative hearing, Michaeli testified that she did not seek treatment because she did not have insurance and because she did not know of any low cost medical clinics. (AR 51-52). The ALJ considered Michaeli's proffered reasons for not seeking medical care but determined that the lack of evidence was inconsistent with disabling levels of pain. (AR 28). Thus, the ALJ found that Michaeli's lack of treatment undermined her credibility. (AR 28).

Michaeli argues that the ALJ erred by assuming that free medical services were available. But the ALJ considered that Michaeli's lack of treatment cut against her symptom testimony because apparently her pain was not severe enough to warrant an emergency room visit between

9

December 2011 and May 2014, which she was capable of visiting since she did so in May 2014. In other words, the ALJ did not wrongly assume that free care was available, she reasonably inferred that Michaeli's pain did not warrant an emergency room visit. *See Stevenson v. Chater*, 105 F.3d 1151, 1155 (7th Cir. 1997) (concluding that "[t]he ALJ was entitled to make reasonable inferences from the evidence before him"). The ALJ also considered that Michaeli was taking only over-the-counter medications for her pain and that she had not undergone, or been recommended to undergo, any surgeries, revealing that the treatment she did receive was conservative in nature. (AR 28); *see Simila v. Astrue*, 573 F.3d 503, 519 (7th Cir. 2009) (affirming the ALJ's consideration of claimant's relatively conservative treatment history when discounting the severity of her symptom testimony, acknowledging that "the regulations expressly permit the ALJ to consider a claimant's treatment history" (citation omitted)); *Ellis v. Astrue*, No. 2:09-cv-145, 2010 WL 3782265, at *20 (N.D. Ind. Sept. 30, 2010) (affirming the ALJ's discounting of claimant's complaints given the discrepancies between the severity of her self-reported symptoms and the lack of treatment for the purported condition); 20 C.F.R. § 404.1529(c)(3); SSR 96-7p, 1996 WL 374186, at *3, 8.

Similarly, Michaeli's argument that the ALJ did not develop the record regarding her lack of treatment is not supported by the record. The ALJ observed SSR 96-7p by inquiring into why Michaeli did not seek treatment and considering Michaeli's explanations in her decision before making an adverse credibility finding. *See Thomas*, 826 F.3d at 960 (citations omitted); *Beardsley*, 758 F.3d at 840 (citations omitted). Therefore, the ALJ's credibility determination as to Michaeli's lack of treatment does not require a remand.

### C. Work History

Third, Michaeli argues that the ALJ erred by not favorably considering her good work

10

record prior to her alleged onset date of December 29, 2011. The Seventh Circuit has explained that while "[a]n ALJ is not statutorily required to consider a [claimant's] work history," a claimant with a good work record prior to the alleged onset date is entitled to substantial credibility when claiming an inability to work because of disability. *Stark v. Colvin*, 813 F.3d 684, 689 (7th Cir. 2016) (citing *Hill v. Colvin*, 807 F.3d 862, 868 (7th Cir. 2015)); *Flores v. Massanari*, 19 F. App'x 393, 404 (7th Cir. 2001) ("Further, the ALJ failed to even acknowledge Flores's solid work history; Flores had been employed each year for the thirteen years before his illness.").

Here, Michaeli is correct that the ALJ did not credit her symptom testimony in light of her 17-year work history prior to the alleged onset date. However, "when assessing credibility, [a claimant's work record] is but one factor to be considered, and [i]t is well established that the ALJ is not required to discuss every factor or conduct a factor-by-factor analysis." *Payne v. Comm'r of Soc. Sec.*, No. 16-CV-13165, 2017 WL 4985646, at *6 (E.D. Mich. Aug. 16, 2017), report and recommendation adopted, No. 16-13165, 2017 WL 4227567 (E.D. Mich. Sept. 21, 2017) (alteration in original) (citations and internal quotation marks omitted); *see Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010) ("But an ALJ need not mention every piece of evidence, so long [as] he builds a logical bridge from the evidence to his conclusion." (citing *Getch v. Astrue*, 539 F.3d 473, 480 (7th Cir. 2008))).

Moreover, the ALJ acknowledged that Michaeli engaged in substantial gainful employment from 1994 to 2011 in her decision and at the administrative hearing. (AR 22, 47). Therefore, the ALJ was clearly aware of Michaeli's work activity prior to the alleged onset date. "Accordingly, the ALJ's failure to discuss [Michaeli's] work history in the context of [her]

credibility determination does not constitute reversible error."[5] *Payne*, 2017 WL 4985646, at *6; *cf. Hargrove v. Berryhill*, No. 116CV01922JMSMJD, 2017 WL 3172917, at *4 (S.D. Ind. June 30, 2017) ("Combined, the omissions and impermissible inferences in the ALJ's credibility assessment rise to the level of patent error.").

At the end of the day, "an ALJ's credibility assessment will stand 'as long as [there is] some support in the record.'" *Berger v. Astrue*, 516 F.3d 539, 546 (7th Cir. 2008) (alteration in original) (quoting *Schmidt v. Astrue*, 496 F.3d 833, 842 (7th Cir. 2007)). Here, when assessing the credibility of Michaeli's symptom testimony, the ALJ built an adequate and logical bridge between the evidence—among other factors, the objective medical evidence, or lack thereof; Michaeli's full range of daily activities; and her lack of medical treatment—and the conclusion that Michaeli's symptom testimony was not entirely credible, *see Ribaudo*, 458 F.3d at 584, and the ALJ's conclusion is not "patently wrong," *Powers*, 207 F.3d at 435. Consequently the ALJ's credibility determination, which is entitled to special deference, *id*, will stand, and the final decision of the Commissioner will be affirmed.

## V. CONCLUSION

For the foregoing reasons, the decision of the Commissioner is AFFIRMED. The Clerk

---

[5] In the credibility determination, the ALJ did adversely consider Michaeli's representations that she could work for the purposes of receiving unemployment, and that she performed some work after the alleged onset date. (AR 28). However, Michaeli does not argue that the ALJ erred in evaluating this evidence, much less explain how the totality of the circumstances with respect to her representations that she could work and her employment after the alleged onset date render Michaeli's symptom testimony credible. *See Pierce v. Colvin*, 739 F.3d 1046, 1051 (7th Cir. 2014) ("But a claimant's dogged efforts to work beyond her physical capacity would seem to be highly relevant in deciding her credibility and determining whether she is trying to obtain government benefits by exaggerating her pain symptoms."); *Pursell v. Colvin*, No. 12 CV 5455, 2013 WL 3354464, at *11 (N.D. Ill. July 3, 2013) ("[T]he ALJ should look at the totality of circumstances in deciding the significance of an application for unemployment benefits." (citation and internal quotation marks omitted)). Therefore, Michaeli has waived her opportunity to present arguments on these points. *See Webster v. Astrue*, 580 F. Supp. 2d 785, 794 (W.D. Wis. 2008) (explaining in a social security appeal that undeveloped arguments are deemed waived) (citing *Kochert v. Adagen Med. Int'l, Inc.*, 491 F.3d 674, 679 (7th Cir. 2007)).

is directed to enter a judgment in favor of the Commissioner and against Michaeli.

SO ORDERED.

Entered this 11th day of July 2018.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge